IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

M.S.,

      **Plaintiff,**

v.                                                                   Civil Action No.: 3:23-cv-00046
                                                                    Judge: Robert C. Chambers

**AMAZON.COM, INC.,**
a Delaware Corporation,
**AMAZON.COM SERVICES LLC,**
a Delaware Limited Liability Company, and
**JOHN DOE ENTITIES 1–10,**

      **Defendants.**

## AMENDED COMPLAINT

Plaintiff M.S. states as follows for her *Amended Complaint* ("Complaint") against Defendants:

## PARTIES

1. M.S. is a resident of Piracicaba, Brazil. At all relevant times, M.S. was a minor child in Huntington, Cabell County, West Virginia as a foreign exchange student in the home of Darrel Wells ("Mr. Wells"). At all relevant times, M.S. aspired to be an actress.

2. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, King County, Washington. At all relevant times, Amazon.com, Inc., pursuant to W. Va. Code § 55-7-31 and 15 U.S.C. § 2052(a)(7)–(8), was a holder, seller, marketer and/or distributor of consumer products. Additionally, Amazon.com, Inc. operates Amazon Fulfillment Centers.

3. Amazon.com Services LLC is a manager-managed Delaware limited liability company with managers located in Seattle, King County, Washington. At all relevant times, Amazon.com Services LLC, pursuant to W. Va. Code § 55-7-31 and 15 U.S.C. § 2052(a)(7)–(8), was a holder, seller, marketer and/or distributor of consumer products. Additionally, Amazon.com

Services LLC operates Amazon Fulfillment Centers. Amazon.com, Inc. and Amazon.com Services LLC are referred to collectively as "Amazon."

4. John Doe Entities 1–10 ("John Doe") are unidentified manufacturers and members of the chain of distribution of the relevant spy camera that, when identified, may also be liable under the claims asserted herein, or other independent claims as discovery may reveal. Despite a good faith exercise of due diligence to identify John Doe Entities 1-10, Plaintiff has been unable to do so because Amazon has been unwilling to share information about this particular transaction, and participants in parallel civil and criminal litigation have also been unwilling to provide additional information as to the identities of John Doe Entities. *See* W. Va. Code § 55-7-31(b)(10).

**JURISDICTION and VENUE**

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and involves citizens of the United States and citizens or subjects of the Federative Republic of Brazil.

6. This Court retains personal jurisdiction over all of the Defendants pursuant to W. Va. Code § 56-3-33, W. Va. Code § 31D-15-1510 and/or W. Va. Code § 31B-1-111 because all Defendants transact business in the southern district of West Virginia, caused tortious injury in t West Virginia by acts within West Virginia, and caused tortious injury in West Virginia by acts outside of West Virginia while deriving substantial revenue from goods used or consumed, or services rendered, in West Virginia. Additionally, upon information and belief, Amazon operates one or more aspects of its business physically in Huntington, Cabell County, West Virginia. Finally, this case arises out of the product designed, manufactured, offered, marketed, sold and/or distributed to West Virginia citizens by Defendants; therefore, Defendants have both intentionally directed the product to West Virginia and purposefully availed themselves of the privileges and

benefits of placing their product into the stream of commerce in West Virginia and maintain sufficient contacts with West Virginia to confer personal jurisdiction upon this Court.

7. Venue is proper in the United States District Court for the Southern District of West Virginia pursuant to 28 U.S.C. § 1391(a) as a substantial portion of the events giving rise to the claims herein took place in Cabell County, West Virginia, including, upon information and belief, (1) the initiation of the purchase of the relevant spy camera via Amazon; (2) the receipt of the relevant spy camera from Amazon; and, (3) the injuries suffered by M.S.

## FACTS

8. Amazon operates an online retail store, Amazon.com (hereinafter referred to as "online retail store"). As the operator of that online retail store, Amazon controls what products are sold, how the products are depicted, the content of product listings and descriptions, and the details of the transaction with the customers and vendors.

9. Upon information and belief, Amazon exercises its control to render individual vendors virtually anonymous, negating vendor brand recognition and incentivizing dependence on Amazon's name, input, and control.

10. Amazon exercises control over which products can be sold through its online retail store via its "Product Safety Team," which is responsible for reviewing products before listing to ensure, among other things, those products do not (1) infringe on privacy; (2) surreptitiously record others for sexual purposes; and/or, (3) create and store child sex abuse material. If any of these criteria are met during the Product Safety Team's review process, the product should not be offered for sale on Amazon's online retail store.

11. Amazon next exercises control of which products can be sold on its online retail store through its "Dangerous Goods Team," which is responsible for reviewing and approving

3

certain products from vendors, such as those powered by lithium ion batteries, before they can be sold. During this review process, Amazon is able to further determine whether a product is unlawful, illegal, or "designed, adapted, or intended for producing . . . any indecent or immoral use" pursuant to federal criminal code 18 U.S.C. § 1462.

12. Amazon has an additional layer of control over "Amazon Prime" products which are stored in Amazon Fulfillment Centers and sold through Amazon's Fulfillment by Amazon ("FBA") program. Products stored in Amazon Fulfillment Centers undergo an additional level of inspection by Amazon, and Amazon Prime products enjoy improved visibility on the online retail store.

13. As such, Amazon has at least three opportunities to inspect and ensure Amazon Prime products are safe, lawful, and not designed, adapted, or intended for producing any indecent or immoral use before it offers the products for sale on its online retail store.

14. Sometime prior to August 19, 2021, John Doe designed and manufactured a spy camera consisting of a mountable hook with an embedded pinhole camera which allows users to secretly record audio and video of individuals without their knowledge or consent in immoral and indecent places such as bathrooms (the "Spy Camera"). The Spy Camera is motion-activated and records to a memory card. There is no audible or visible indicator that the Spy Camera has activated or is recording. Consequently, without notice of recording, the subject of the Spy Camera is deprived of any opportunity to either decline or consent to being recorded.

15. Beginning in June 2011, multiple United States and international news outlets—including the Daily Mail, The Sun, ABC, NBC and Indian Express (which noted its article was trending globally)—reported that hidden hook cameras such as the Spy Camera were being used to surreptitiously record audio and video of individuals without their knowledge or consent in

bathrooms ranging from Starbucks to United States Military facilities.[1] Popular report verification website Snopes.com also did an investigation corroborating the reports.[2]

16. As a result of the articles referenced herein, Amazon has been aware since at least 2011 that the intended and foreseeable use of hidden book cameras such as the Spy Camera was and is to surreptitiously record audio and video of individuals without their knowledge or consent in bathrooms.

17. The Spy Camera is considered "Dangerous Goods" by Amazon because it is powered by lithium ion batteries, which required review by Amazon and special handling to comply with shipping and safety regulations. Amazon knew from this review that the Spy Camera was a surreptitious recording device designed, adapted, or intended for producing indecent or immoral use, and was therefore unlawful and/or illegal per federal law, West Virginia law and Amazon policies.

18. Despite this, Amazon approved the Spy Camera for sale as an Amazon Prime product at least as early as 2016, knowing that spy camera listings in its online retail store sell products such as the Spy Camera are capable of, and intended for, secretly recording sexual encounters with images such as this:

---

[1] *See* https://www.dailymail.co.uk/news/article-2003012/Starbucks-voyeur-planted-hidden-cameras-store-bathrooms-dead-hotel.html; https://www.nbcdfw.com/news/local/more-hidden-cameras-found-in-north-texas-restaurants/124858/; https://interestingengineering.com/culture/woman-finds-hidden-camera-disguised-hook; https://www.thesun.co.uk/tech/3331532/perverts-are-attaching-spy-camera-coat-hooks-to-back-of-bathroom-cubicle-doors-to-film-women-without-them-knowing/;https://www.wwltv.com/article/news/the-spy-camera-sold-on-amazon-police-want-you-to-know-about/289-432096196; https://indianexpress.com/article/trending/trending-globally/plastic-hooks-sockets-with-spy-camera-report-if-seen-in-changing-rooms-or-toilet-4912209/; https://www.record-eagle.com/news/local_news/records-man-put-up-hidden-camera-in-bathroom/article_36e447de-dd53-5b68-bc23-f4471110adb4.html; https://www.asiaone.com/singapore/member-sex-site-sammyboy-forum-filmed-women-toilet-hidden-camera (last accessed Mar. 23, 2023).

[2] https://www.snopes.com/fact-check/spy-cameras-in-hotel-room-hooks/ (last accessed Mar. 23, 2023).

5



19. John Doe participated in Amazon's FBA program, shipping the Spy Camera to Amazon's Fulfillment Center. On arrival, Amazon personnel inspected the Spy Camera; therefore, Amazon was again made aware that the Spy Camera was a surreptitious recording device designed, adapted, or intended for producing indecent or immoral use and was therefore unlawful and/or illegal per federal law (including federal criminal code 18 U.S.C. § 1462), West Virginia law and Amazon policies.

20. Once accepted at a Fulfillment Center, the Spy Camera was offered for sale by Amazon on its online retail store.

21. Listings for the Spy Camera depict it used in a variety of illicit ways; for example, as a towel hook that "won't attract attention" from the victim, who would presumably hang a towel to be used in drying her undressed body.



22. The intended use of this Spy Camera as explicitly portrayed on Amazon's online retail store—e.g. as a towel hook in a bathroom to secretly record undressed individuals without their consent—is a federal felony and also a crime under West Virginia law. *See* W. Va. Code §§ 61-8-28, 62-1D-4; 18 U.S.C. §§ 1801, 2512. ***This intended and foreseeable use of the Spy Camera was exactly how the Spy Camera was used on Plaintiff and in multiple other instances since at least 2011.***

23. At all relevant times, Amazon was aware of the prior and intended uses of these products, including the Spy Camera, making the illegal, indecent, and immoral use of such products—as portrayed on Amazon's online retail store—foreseeable to Amazon at all relevant times. This includes the foreseeable criminal use of the Spy Camera as portrayed on Amazon's online retail store and carried out by Mr. Wells.

24. Now available for purchase, Amazon's search algorithms funneled individuals seeking spy cameras for indecent or immoral uses directly toward the Spy Camera. For example, a search for "bathroom spy camera" on Amazon's online retail store returns the Spy Camera as the fourth, and immediately visible, option. Those search results also suggested an alternative search, "bathroom spy camera," which returned the Spy Camera as the fifth, and immediately visible, option.

25. Upon information and belief, including information provided by the Cabell County, West Virginia Prosecutor's Office, sometime prior to August 19, 2021, Mr. Wells purchased the Spy Camera by visiting Amazon.com after easily locating the Spy Camera's listing as responsive to his illegal, indecent and immoral purposes via Amazon's search algorithms.[3]

---

[3] Despite a good faith exercise of due diligence to identify the manufacturer of the Spy Camera John Doe Entities 1-10), Plaintiff has been unable to do so because Amazon has been unwilling to share information about this particular transaction, and participants in parallel civil and criminal litigation have also been unwilling to provide additional information as to the identities of John Doe Entities. *See* W. Va. Code § 55-7-31(b)(10).

26. Sometime prior to August 19, 2021, Amazon shipped the Spy Camera from its Fulfillment Center to Mr. Wells. Before the Spy Camera was shipped, Amazon inspected the Spy Camera—because it is powered by a lithium ion battery—in accordance with IATA Packing Instruction 966. Via this inspection, Amazon knew the Spy Camera was a surreptitious recording device and was therefore unlawful and/or illegal per federal law, West Virginia law and Amazon policies.

27. Amazon's choice to ship the Spy Camera to Mr. Wells violated 18 U.S.C. § 1461, insofar as it mailed a "crime-inciting" product "designed, adapted, or intended . . . for any indecent or immoral use," and 18 U.S.C. § 1465, insofar as it knowingly transported, in interstate commerce, a "matter of indecent or immoral character."

28. Mr. Wells received the Spy Camera sometime prior to August 19, 2021, along with instructions on how to activate the audio, rendering the Spy Camera an illegal audio/video device disguised to look like something that is not designed to record sound.

29. Mr. Wells installed the Spy Camera in a private bathroom of his home designated for the use of M.S., a Brazilian foreign exchange student and minor child, for the criminal purpose of recording her while undressed. *In this case, the Spy Camera was used precisely as depicted on Amazon's online retail store.*

30. On or about April 4, 2022, M.S. discovered that Mr. Wells had been using Amazon's Spy Camera to surreptitiously record her in her private bathroom. M.S. suffered acute physical injuries and emotional distress, including: (1) tremors; (2) hyperventilation; (3) arrhythmia; (4) dyspnea; (5) acute panic disorder; and, (6) acute tachycardia.

31. Since the acute event, M.S. continues to suffer ongoing chronic physical and emotional injuries, including (1) chronic tremors; (2) chronic insomnia; (3) chronic headaches: (4)

chronic nausea associated with flashback episodes; (5) chronic hypotension with associated blurred vision, dizziness and syncope; (6) compulsive overeating resulting in physical changes; (7) neuroplastic changes to the brain secondary to post-traumatic stress disorder; (8) sexual avoidance behavior; and, (9) paranoia.

32. As a direct and proximate result of Defendants' wantonly offering, promoting, marketing, selling and distributing the illegal and defective Spy Camera, M.S. was exposed, exploited, abused, damaged and harmed by being surreptitiously recorded in her private bathroom. Defendants are liable for all of M.S.'s physical and emotional injuries, including but not limited to those set forth herein and as follows:

    a. pain and suffering, including mental anguish;

    b. loss of enjoyment of life;

    c. past and future medical expenses;

    d. loss of property; and,

    e. other damages incurred as a result of Defendants' conduct.

33. At all relevant times, Amazon acted wantonly which manifested in a reckless indifference to the rights and interests of M.S.

## COUNT I
### (Negligence – Amazon)

34. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 33 of this Complaint as if set forth herein verbatim.

35. The Spy Camera records and stores audio and video without warning or notice to the subject being recorded. The intended use of this Spy Camera as portrayed on Amazon's online retail store—as a towel hook in a bathroom to secretly record undressed individuals without their consent—constitutes criminal exploitation of another person under federal and state law.

36. Amazon owes a civil and criminal duty, imposed by federal and state law, to not promote, market, sell or distribute products which are illegal, defective and/or present a foreseeable and unreasonable risk of harm to others, including via the foreseeable criminal conduct of a third person.

37. Upon information and belief, Amazon breached these duties and was negligent by:

   a. possessing, selling, marketing and/or distributing the Spy Camera in violation of criminal codes W. Va. Code § 62-1D-4 and 18 U.S.C. § 2512, which constitutes prima facie negligence;

   b. promoting purchase and criminal use of the Spy Camera as an "Amazon Prime" product;

   c. ignoring or failing to remove listings/offer sheets promoting the Spy Camera as intended for illegal, immoral and/or indecent uses;

   d. failing to reject the Spy Camera as illegal and defective during its "Dangerous Goods" review;

   e. failing to reject the Spy Camera as illegal and defective when inspecting it on receipt at an Amazon Fulfillment Center despite having actual knowledge of the defect (W. Va. Code § 55-7-31(b)(1)–(2));

   f. failing to reject the Spy Camera as illegal and defective when receiving and fulfilling Mr. Wells' order; and,

   g. promoting, marketing, selling and/or distributing the Spy Camera, which encourages criminal conduct and exposes others, including M.S., to a foreseeable high risk of harm from criminal conduct when the Spy Camera is used for its intended and marketed purpose.

38. At all relevant times, Amazon acted wantonly which manifested in a reckless indifference to the rights and interests of M.S.

39. As a direct and proximate result of Amazon's acts and omissions, M.S. has suffered damages and will continue to suffer damages in the future.

## COUNT II
### (Strict Product Liability – Amazon)

40. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 39 of this Complaint as if set forth herein verbatim.

41. The Spy Camera records and stores audio and video without warning or notice to the subject being recorded. The intended use of this Spy Camera portrayed on Amazon's online retail store—as a towel hook in a bathroom to secretly record undressed individuals without their consent—constitutes criminal exploitation of another person under federal and state law.

42. The Spy Camera is defective because it is illegal, affirmatively encourages criminal misuse and lacks any audible or visible warning that recording was beginning or in progress. As a product that fails to comply with state and federal law, the Spy Camera is defective as a matter of law.

43. At the time of the Spy Product's manufacture, safer alternative designs were economically and technologically feasible at that would have eliminated the risk of injury to Plaintiff by providing an audible and/or visible warning or notice to the subject being recorded to deter undesirable conduct without altering a fundamental and necessary characteristic of the of the Spy Camera. .

44. Mr. Wells' use of the Spy Camera to exploit and abuse someone, including M.S., was foreseeable.

45. Upon information and belief, at all relevant times, as the seller and/or distributor of the Spy Camera, Amazon knew about the Spy Camera's defects. *See* W. Va. Code § 55-7-31(b)(1)–(2).

46. At all relevant times, Amazon acted wantonly which manifested in a reckless indifference to the rights and interests of M.S.

11

47. As a direct and proximate result of the defects in the Spy Camera, Amazon is strictly liable to M.S. for damages suffered and damages which she will continue to suffer in the future.

48. Despite Plaintiff's good-faith exercise of due diligence, as stated herein the manufacturer of the Spy Camera cannot be identified. See W. Va. Code § 55-7-31(b)(10).

## COUNT III
### (Negligence – John Doe)

49. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 48 of this Complaint as if set forth herein verbatim.

50. The Spy Camera records and stores audio and video without warning or notice to the subject being recorded. The intended use of this Spy Camera set forth in a listing/offer sheet on Amazon's online retail store—as a towel hook in a bathroom to secretly record undressed individuals without their consent—constitutes criminal exploitation of another person under federal and state law.

51. John Doe owes a duty to not design, manufacture, offer, sell or distribute products which are illegal and/or present a foreseeable and unreasonable risk of harm to others, including via criminal conduct of a third person.

52. John Doe breached this duty by:

    a. designing, manufacturing, offering, marketing, selling and/or distributing the Spy Camera in violation of criminal codes W. Va. Code § 62-1D-3 and 18 U.S.C. § 2512, which constitutes prima facie negligence;

    b. failing to include an audible or visible warning when the Spy Camera begins recording to provide the subject with notice that they were being recorded; and,

    c. designing, manufacturing, offering, marketing, selling and/or distributing the Spy Camera, which encourages criminal conduct.

53. At all relevant times, John Doe acted wantonly which manifested in a reckless indifference to the rights and interests of M.S.

54. As a direct and proximate result of the John Doe's negligence, M.S. has suffered damages and will continue to suffer damages in the future.

## COUNT IV
## (Strict Product Liability – John Doe)

55. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 54 of this Complaint as if set forth herein verbatim.

56. The Spy Camera records and stores audio and video without warning or notice to the subject being recorded. The intended use of this Spy Camera portayed on Amazon's online retail store—as a towel hook in a bathroom to secretly record undressed individuals without their consent—constitutes criminal exploitation of another person under federal and state law.

57. The Spy Camera is defective because it is illegal, affirmatively encourages criminal misuse and lacks any audible or visible warning that recording was beginning or in progress.

58. At the time of the Spy Product's manufacture, safer alternative designs were economically and technologically feasible at that would have eliminated the risk of injury to Plaintiff by providing an audible and/or visible warning or notice to the subject being recorded to deter undesirable conduct without altering a fundamental and necessary characteristic of the of the Spy Camera.

59. John Doe designed, manufactured, marketed, sold and/or distributed the Spy Camera, which was used by Mr. Wells as depicted on Amazon's online retail store.

60. Mr. Wells' use of the Spy Camera to exploit and abuse someone, including M.S., was foreseeable.

61. At all relevant times, John Doe acted wantonly which manifested in a reckless indifference to the rights and interests of M.S.

62. As a direct and proximate result of the defects in the Spy Camera, John Doe is strictly liable to M.S. for damages suffered and damages which she will continue to suffer in the future.

## COUNT V
### (Tort of Outrage – All Defendants)

63. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 62 of this Complaint as if set forth herein verbatim.

64. Upon information and belief, Defendants knew that Spy Camera they designed, manufactured, offered, promoted, marketed, sold and distributed, when used as depicted on Amazon's online retail store, would harm the subject of the recording.

65. Defendants' collective conduct in designing, manufacturing, offering, promoting, marketing, selling and distributing the Spy Camera with full knowledge of its immoral use since at least 2011 is atrocious, intolerable and so extreme and outrageous as to exceed the bounds of decency. Defendants intentionally, knowingly and/or with reckless indifference created and distributed a criminal tool that was used to abuse and exploit a child.

66. As a direct and proximate result of Defendants' reckless indifference in designing, manufacturing, offering, promoting, selling and distributing the Spy Camera, M.S. has suffered emotional distress so severe that no reasonable person could be expected to endure it.

## COUNT VI
### (Civil Conspiracy – All Defendants)

67. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 66 of this Complaint as if set forth herein verbatim.

68. Upon information and belief, Defendants conspired by concerted action to design, manufacture, promote, market, sell and distribute the Spy Camera, an illegal and criminal tool certain to cause harm when used as depicted on Amazon's online retail store.

69. Specifically, Amazon and John Doe conspired to market and distribute a defective product both knew was intended and used for illegal and criminal purposes via Amazon's online retail store for the purpose of profiting from that illegal use.

70. Possessing, selling and distributing the Spy Camera is illegal under both state and federal law.

71. As a direct and proximate result of Defendants' conspiracy, M.S. has suffered damages and will continue to suffer damages in the future. By virtue of the conspiracy, all Defendants are jointly and severally liable for M.S.'s damages. *See also* W. Va. Code § 55-7-13c(h)(2).

## COUNT VII
## (RICO § 1962(c) – All Defendants)

72. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 71 of this Complaint as if set forth herein verbatim.

73. Amazon's online retail store, Amazon.com, and the sale of products thereon, is an enterprise engaged in and affecting interstate commerce. Defendants are all associated with this enterprise insofar as they control, promote, market, possess, sell and/or distribute products through Amazon's online retail store.

74. Defendants agreed to, and did, conduct this enterprise's affairs through a pattern of racketeering activity. In interstate commerce, Defendants design, manufacture, offer, promote, sell, distribute and profit from a product intended for immoral use. The intended purpose of the Spy Camera, as portrayed on Amazon's online retail store, is to surreptitiously record undressed

subjects, including children, for sexual gratification. Upon information and belief, at least two (2) acts of such racketeering activity—the sale and distribution of the Spy Camera and identical spy cameras—have occurred in the last 10 years with the preconceived purpose of causing harm to recorded subjects, including M.S.

75. Upon information and belief, in furtherance of this enterprise, Defendants utilized the postal service and/or other parcel carrier services to import and distribute the Spy Camera in violation of: (1) 18 U.S.C. § 1461 insofar as they mailed a "crime-inciting" product "designed, adapted, or intended . . . for any indecent or immoral use;" (2) 18 U.S.C. § 1462, which prohibits the importation or transportation of any "thing designed, adapted, or intended for producing . . . any indecent or immoral use;" and, (3) 18 U.S.C. § 1465 insofar as they knowingly transported, in interstate commerce, a "matter of indecent or immoral character."

76. In addition to at least two (2) prior acts of such racketeering activity occurring in the past 10 years, Defendants' racketeering is systematic, contiuous and a true threat to continue perpetually as Defendants have no intention of removing products identical to the Spy Camera from Amazon's online retail store—or ceasing the attendant criminal conduct—to prevent the exploitation and abuse of recorded subjects, including children.

77. Defendants have conducted the enterprise's affairs through the pattern of racketeering activity described above, in violation of 18 U.S.C. § 1962(c).

78. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(c), M.S. has suffered actual and measurable losses to her property, including but not limited to concrete loss of earning potential, loss of residency papers, financial losses associated with participation in the foreign exchange program that did not result in the desired educational

outcomes, loss of a diploma from a United States educational institution and other concrete property losses.

## PUNITIVE DAMAGES

79. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 78 of this Complaint as if set forth herein verbatim.

80. Defendants had a wanton, conscious, reckless and outrageous indifference to the health, safety and welfare of children, including M.S.. Defendants intentionally, knowingly and/or recklessly profited—and continue to profit—off the abuse and exploitation of children.

81. Punitive damages are justified to punish Defendants for their reckless and outrageous indifference which resulted in M.S.'s suffering and harm.

82. Punitive damages will serve to deter Defendants from designing, manufacturing, marketing, promoting, selling and distributing products which encourage criminal abuse and exploitation of children.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, for:

    a. an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

    b. an amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

    c. treble damages pursuant to 18 U.S.C. § 1964(c);

    d. costs and attorney fees expended in prosecution of this matter pursuant to 18 U.S.C. § 1964(c);

    e. injunctive relief in the form of an order restraining and preventing Defendants from continuing the possession, sale and distribution of the Spy Camera, including products identical thereto, pursuant to 18 U.S.C. § 1964(a);

    f.    an order directing Defendants to divest themselves of any interest, direct or indirect, in the sale and distribution of the Spy Camera or products identical thereto, including the divestiture of any and all profits obtained from such sales, pursuant to 18 U.S.C. § 1964(a);

    g.    pre-judgment and post-judgment interest as provided under the law; and,

    h.    any and all other relief to which the Court deems Plaintiff is entitled.

**PLAINTIFF DEMANDS A JURY TRIAL.**

                                 **M.S.,**

                                   **By Counsel,**

L. Lee Javins II (WV State Bar # 6613)
David A. Bosak (WV State Bar # 11947)
Taylor M. Norman (WV State Bar # 13026)
BAILEY JAVINS & CARTER LC
213 Hale Street
Charleston, WV 25301
(304) 345-0346 (T) / (304) 345-0375 (F)
ljavins@bjc4u.com
dbosak@bjc4u.com
tnorman@bjc4u.com

and

Ben Salango (WV State Bar # 7790)
Christian A. Huffman (WV State Bar # 14205)
Salango Law, P.L.L.C.
206 Capitol St., Suite 206
Charleston, WV 25301
(304) 342-0512
ben@salangolaw.com
christian@salangolaw.com

and

Paul Saluja (WV State Bar # 6373)
Saluja Law Offices, PLLC
206 Capitol Street, Suite 400
Charleston, WV 25301
(304) 755-1101

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

M.S.,

        Plaintiff,

v.                                                        Civil Action No.: 3:23-cv-00046
                                                        Judge: Robert C. Chambers

AMAZON.COM, INC.,
a Delaware Corporation,
AMAZON.COM SERVICES LLC,
a Delaware Limited Liability Company, and
JOHN DOE ENTITIES 1–10,

        Defendants.

## CERTIFICATE OF SERVICE

I, the undersigned counsel for Plaintiff, do herby certify that Pthe foregoing *AMENDED COMPLAINT* was filed with the court on this 31st day of March using the courts CM/ECF system and will be served/sent by electronic transmission to the following counsel of record:

ErikW. Legg
Joseph M. Farrell, Jr., Esquire (WVSB #1167)
Erik W. Legg, Esquire (WVSB #7738)
**FARRELL, WHITE&LEGG PLLC**
914 5th Avenue, P.O. Box 6457
Huntington, WV 25772-6457
Telephone: (304) 522-9100
Facsimile:
(304) 522-9162
jmf@farrell3.com
ewl@farrell3.com
*Counsel for AMAZON.COM, Inc. and AMAZON.COMServices LLC*

L. Lee Javins II (WV State Bar # 6613)