**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**M.S.,**

**Plaintiff,**

**v.**

**Civil Action No.: 3:23-cv-00046**
**Judge: Robert C. Chambers**

**AMAZON.COM, INC.,**
**a Delaware Corporation,**
**AMAZON.COM SERVICES LLC,**
**a Delaware Limited Liability Company, and**
**JOHN DOE ENTITIES 1–10,**

**Defendants.**

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS ON BEHALF OF AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC**

The facts of the *Amended Complaint* ("Complaint") result in inevitable legal findings. The physical and emotional harm suffered by M.S. was foreseeable to Defenants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon"), as was Mr. Wells' criminal conduct. The causal chain between Amazon's promotion and distribution of the spy camera and Mr. Wells' use as shown in Amazon's online retail store is unbroken. Amazon is strictly liable for distributing illegal products, and the Complaint alleges facts supporting a plausible inference of alternative, feasible design. Amazon's indictable conduct sustains a racketeering claim. Finally, Amazon's conduct worked with John Does to sell illegal products for financial benefit. Amazon's Motion to Dismiss (the "Motion") should be denied.

**FACTS ACCEPTED AS TRUE**

Amazon recognizes that the "court assumes that the complaint's well-pleaded allegations are true, resolves all doubts and inferences in favor of the plaintiff and views the allegations in a light most favorable to the plaintiff." *Fluharty v. Phila. Indem. Co.*, 2023 U.S. Dist. LEXIS 41154,

at * 16 (N.D. W. Va. Mar. 10, 2023).[1] Amazon then premises its Motion on factual criticisms and incredulity. As a result, it is necessary to review the allegations in the Complaint to be accepted as true.

***1. Facts Regarding Amazon's Operations.***

- Amazon operates an online retail store and controls what products are sold, how they are depicted, the contents of listings and the details of transactions. Complaint, ¶ 8.
- Products sold in Amazon's store that are also kept in Amazon Fulfillment Centers ("FCs") enjoy improved promotion and visibility in the store. *Id.* at ¶ 12.
- Amazon exercises control over what products are sold in its store via its "Product Safety Team." *Id.* at ¶ 10.
- The Product Safety Team must identify and remove products that infringe on priacy, surreptitiously record others for sexual purposes or create and/or state child sex abuse material. *Id.*
- Amazon exercises control over hazardous goods, such as products containing lithium batteries, conducting detailed reviews of those products. *Id.* at ¶ 11.
- Products sold in Amazon's store and held in Amazon FCs are also inspected to ensure they are safe, legal and appropriate for sale. Complaint, ¶¶ 12–13.
- Amazon's online store utilizes algorithms that direct customers toward particular products based on search terms and purposes. *Id.* at ¶ 24.

***2. Facts Regarding the Spy Camera.***

- The spy camera at issue ("Spy Camera") is a pinhole camera embedded in a mountable hook that records audio and video on motion activation. *Id.* at ¶ 14.
- The Spy Camera offers no audible or visible indicator of recording. *Id.*
- The identified and represented intent of the Spy Camera is to secretly record undressed individuals without their consent for sexual gratification. *Id.* at ¶¶ 41, 56.
- The Spy Camera is powered by a lithium ion battery. *Id.* at ¶ 17.

[1] Attached hereto as **Exhibit A**.

- The Spy Camera was sold as an Amazon Prime product and held for distribution in Amazon FCs. Complaint, ¶¶ 18–19.

- The Spy Camera was promoted in Amazon's store as intended for use in a bathroom to secretly record victims without consent. *Id.* at ¶ 21.

- The Spy Camera was purchased and used as intended and depicted in Amazon's store by Mr. Wells to violate and exploit Plaintiff. *Id.* at ¶¶ 28–29.

- The Spy Camera affirmatively encourages criminal misuse. *Id.* at ¶ 37.

***3. Facts Regarding Amazon's Knowledge of Intended Use and Foreseeability.***

- The first reported incident of a spy hook camera being used to exploit unwitting users of restrooms was identified by Plaintiff as occurring in 2011.[2] *Id.* at ¶ 15.

- Between 2014 and 2021, there have been at least 7 reports of spy hook cameras being utilized to exploit unknowing victims in bathrooms located by counsel to date, including articles identified as "trending globally."[3] Complaint, ¶ 15.

- On August 18, 2018, Amazon prohibits devices "designed to facilitate the surreptitious viewing or recording of individuals for sexual purposes,"[4] foreseeing the use of such equipment for criminal purposes.

***4. Facts Regarding the Exploitation of M.S.***

- Darrel Wells purchased the Spy Camera from Amazon. *Id.* at ¶ 25.

- Darrel Wells installed the Spy Camera in M.S.'s private bathroom as a towel hook consistent with the depiction of use in Amazon's store. *Id.* at ¶ 28.

- Hundreds to thousands of explicit images and videos were taken of M.S., an infant at the time, without her knowledge or consent. *Id.* at ¶ 29.

---

[2] *See* https://www.dailymail.co.uk/news/article-2003012/Starbucks-voyeur-planted-hidden-cameras-store-bathrooms-dead-hotel.html (last accessed Mar. 23, 2023). As Amazon points out, public documents are properly considered in connection with a motion to dismiss. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

[3] *See* https://www.nbcdfw.com/news/local/more-hidden-cameras-found-in-north-texas-restaurants/124858/; https://interestingengineering.com/culture/woman-finds-hidden-camera-disguised-hook; https://www.thesun.co.uk/tech/3331532/perverts-are-attaching-spy-camera-coat-hooks-to-back-of-bathroom-cubicle-doors-to-film-women-without-them-knowing/;https://www.wwltv.com/article/news/the-spy-camera-sold-on-amazon-police-want-you-to-know-about/289-432096196; https://indianexpress.com/article/trending/trending-globally/plastic-hooks-sockets-with-spy-camera-report-if-seen-in-changing-rooms-or-toilet-4912209/; https://www.record-eagle.com/news/local_news/records-man-put-up-hidden-camera-in-bathroom/article_36e447de-dd53-5b68-bc23-f4471110adb4.html; https://www.asiaone.com/singapore/member-sex-site-sammyboy-forum-filmed-women-toilet-hidden-camera; https://www.snopes.com/fact-check/spy-cameras-in-hotel-room-hooks/ (last accessed Mar. 23, 2023).

[4] *See Surveillance Equipment Article*, attached hereto as **Exhibit B**.

*5. Facts Regarding Egregiousness of Amazon's Conduct.*

- Amazon promotes, markets, sells and distributes products encouraging criminal conduct, including the Spy Camera. *Id.* at ¶ 37(g).
- Amazon knew that selling the Spy Camera, which encourages criminal conduct including the exploitation of children, would cause harm to the victim of the recording. Complaint, ¶¶ 56, 64–65.
- Amazon collaborated with the John Doe Defendants to promote, sell and/or distribute the Spy Camera. *Id.* at ¶¶ 68–69.
- Amazon has sold at least two (2) pinhole hook cameras via its online store in the last ten (10) years. *Id.* at ¶ 74.
- Amazon shipped the Spy Camera to Mr. Wells via postal or parcel services. *Id.* at ¶¶ 26, 79.
- Amazon continues to sell spy hook cameras in its store. *Id.* at ¶ 76.
- Amazon intentionally, knowingly and/or recklessly profited, and continues to profit, off of child exploitation. Complaint, ¶ 80.

*6. M.S. Has Suffered Injuries.*

- M.S. suffered physical injuries as a result of Amazon's conduct. *Id.* at ¶¶ 30–32.
- M.S. suffered emotional injuries as a result of Amazon's conduct. *Id.* at ¶ 32.
- M.S. suffered actual and measurable losses to her property. *Id.* at ¶ 78.
- M.S. was sexually exploited, with that exploitation facilitated by Amazon. *Id.* at ¶ 32.

## ARGUMENT

Each count in Plaintiff's Complaint states a claim upon which relief may be granted. Amazon's Motion should be denied.

### A. Amazon's Duty Extends from its Role as Distributor of the Spy Camera.

The "risk reasonably to be perceived defines the duty to be obeyed." *Gable v. Gable*, 245 W. Va. 213, 226 (2021) (*quoting Palsgraf v. Long Island R. Co.*, 248 N.Y.339 (1928)). The defining question is "would the ordinary man in the defendant's position, knowing what he knew

or should have known, anticipate that harm of the general nature of that suffered was likely to result?" Syl. pt. 3, *Sewell v. Gregory*, 179 W. Va. 585 (1988).

Amazon owes a duty to comply with laws governing its conduct. *See* syl. pt. 1, *Anderson v. Moulder*, 183 W. Va. 77 (1990). Plaintiff has alleged multiple illegal acts by Amazon in connection with selling the Spy Camera, intended for sexually exploiting others, including violations of W. Va. Code § 62-1D-4 and 18 U.S.C. § 2512. *See* Complaint, ¶¶ 22–23. Amazon sold an illegal product intended for the invasion of others' privacy and the sexual exploitation of those individuals; it owed a duty to not sell such a product, as any ordinary company should anticipate harm from that exploitation. *See* syl. pt. 3, *Sewell*, 179 W. Va. at 585.

Amazon also owes a duty to avoid increasing risk of harm from criminal conduct. In *Wal-Mart Stores E., L.P. v. Ankrom*, the Court concluded that theft, and fleeing the scene of a theft, at a Wal-Mart was foreseeable criminal conduct. 244 W. Va. 437, 448 (2020). When Wal-Mart employees pursued the criminal and exposed bystanders to increased risk of harm from that criminal act, the Court found that Wal-Mart had a duty to avoid that risk. *Id.*

As in *Ankrom*, the criminal conduct here was foreseeable. Hook spy cameras had been utilized to exploit unsuspecting individuals for a ***decade*** prior to this incident occurring. *See supra*, n. 2. The Spy Camera's listing portrays the product being used in an exploitive manner. *See* Complaint, ¶ 21. Amazon foresaw this use, enacting standards regarding surveillance equipment used for this purpose. *See* Ex. B. Amazon inspected these products, reviewed them in accordance with procedures and, nonetheless, Amazon elected to continue selling that very product. The foreseeability of criminal acts in this case was greater than that in *Ankrom*, and Amazon owed a duty to avoid exposing M.S. to that harm.

Amazon's reliance on *Miller v. Whitworth* is misplaced. In *Miller*, a mobile home park resident was criminally battered by another resident, and sued the park owner for failing to protect him. 193 W. Va. 262 (1995). The Court affirmed summary judgment for the park owner because nothing suggested to the park owner that the plaintiff was at risk of harm from another resident. *Id.* Unlike *Miller*, Amazon was, and is, affirmatively distributing a product intended for criminal use and which facilitates criminal conduct the same way it has been for a decade. Amazon was, and is, on notice of the risk of harm from the Spy Camera.

The better comparison is *Maynard v. Snapchat, Inc.*, where a Snapchat user was driving over 100 mph while using the speed filter to post it on Snapchat when she rear-ended a vehicle operated by plaintiffs. 313 Ga. 533, 533 (2022). The lower courts dismissed negligence claims against Snapchat because the criminal acts were not foreseeable. *Id.* at 535. Reversing, the Georgia Supreme Court recognized that, at the motion to dismiss stage, it was plausible Snapchat could foresee that its speed filter created a risk of car crashes. *Id.* at 540–41. As in *Maynard*, criminal conduct was foreseeable to Amazon here.

Amazon next argues that Mr. Wells' criminal conduct was unforeseeable because the Spy Camera can be used in legal ways. Potentially legal use does not render criminal use *de facto* unforeseeable. Amazon's own caselaw, *Bertovich*, acknowledges "West Virginia does require that an intervening illegal act be unforeseeable." *Bertovich v. Advanced Brands & Importing Co.*, 2006 U.S. Dist. LEXIS 59047, at * 41 (N.D. W. Va. Aug. 16, 2006). Judge Keeley then explains why *Bertovich* is distinguishable:

> The amended complaint is devoid of any allegation that the Defendants are part of some larger conspiracy that would cause retailers or other legal adults to risk criminal and administrative sanctions by providing alcohol to underage consumers. Therefore, an illegal intervening act precludes the Defendants' advertising from being the proximate cause of any injury alleged by the Bertoviches.

*Id.* at * 42–43. Here, Amazon knew that the Spy Camera encouraged criminal exploitation and sold it with that knowledge; Plaintiff alleges a civil conspiracy count for this reason. *See* Complaint, ¶¶ 67–71.

Amazon also claims Plaintiff pled "no facts that support a finding" that inspecting the product would have rendered criminal use foreseeable. *Memorandum in Support*, Document 14, ("Memo"), p. 12. Amazon ignores that the sale of the product alone was illegal, as pled in the Complaint; proper inspection would have removed the Spy Camera from circulation. *See* Complaint, ¶ 22. When the mere possession and sale of a product is criminalized, criminal use of that product is obviously foreseeable and gives rise to a duty to act.

The question of Amazon's duty is whether Amazon's conduct could have foreseeably increased the risk of harm to M.S. via the criminal conduct of a third person. *Ankrom*, 244 W. Va. at 448. Plaintiff has pled that exact occurrence with ample factual predicate; therefore, Amazon's Motion fails.

**B. Amazon's Conduct is a Proximate Cause of M.S.'s Exploitation.**

Amazon claims Plaintiff "cannot show" its conduct proximately caused Plaintiff's exploitation. Proximate cause of an injury is a question "of fact for jury determination." Syl. pt. 3, *Arbogast v. Mid-Ohio Valley Med. Corp.*, 214 W. Va. 356 (2003). Amazon's dissatisfaction with Plaintiff's evidence is irrelevant to a Rule 12(b)(6) Motion. *See*, *e.g.*, *Venkatraman v. REI Systems, Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (the court must accept facts alleged in the complaint as true). To the extent that Amazon is alleging proximate cause is ***impossible*** because Mr. Wells committed a crime, *Ankrom* recognized a "tortfeasor whose negligence is a substantial factor in bringing about injuries is not relieved from liability by the intervening acts of third

persons if those acts were reasonably foreseeable by the original tortfeasor at the time of his negligent conduct." *Ankrom*, 244 W. Va. at 450 (*quoting* syl. pt. 13, *Anderson*, 183 W. Va. at 77).

Amazon sold an illegal product intended to be used—and repeatedly was used for a decade—to sexually exploit unsuspecting victims, with the product used in accordance with that designed intent. The criminal act herein "did not operate independently" of Amazon's conduct and, therefore, "was not the sole proximate cause" of the injuries. *Id.* at 452. By Amazon's logic, selling a kit designed to facilitate suicide is not a proximate cause of a suicide using that kit because the sale itself did not kill the person. Amazon has advocated this logic before, without success. *See Scott, et al. v. Amazon.com, Inc.*, Case No. 22-2-01739-2 SEA (Wash. Super. Ct.).[5] The same argument failed for Snapchat as well, when the Georgia Supreme Court explicitly acknowledged that duty and causation can exist "even when an injury is caused by third-party tortious use of a product." *Maynard*, 313 Ga. at 545.

The Complaint adequately pleads proximate cause. M.S. alleges Amazon sold Mr. Wells the Spy Camera; that the sale of the Spy Camera was illegal, which should have prompted Amazon to remove it from its online retail store; that Amazon knew or should have known of the criminal intent with the Spy Camera; and that M.S. was exploited via Amazon facilitating Mr. Wells' criminal actions. Amazon's conduct, as alleged, is a proximate cause of M.S.'s exploitation, and its Motion should be denied.

### C. Plaintiff Adequately Pled Physical Injury, Though it is Not Necessary.

Amazon previously complained that Plaintiff failed to specify the physical injuries she suffered. Plaintiff's Complaint identifies 15 physical injuries. Amazon now argues that these physical injuries do not count.

---

[5] Specifically, Amazon's Memorandum of Law in Support of Motion to Dismiss, attached hereto, in pertinent part, as **Exhibit C**, and the Order denying that motion, attached as **Exhibit D**.

Emotional harm with a physical manifestation sustains a tort claim. *Courtney v. Courtney*, 190 W. Va. 126, 131 (1993) (*quoting Heldreth v. Marrs*, 181 W. Va. 481, 489 (1992)). This is evident in *Smith v. Animal Urgent Care, Inc.*, where the Court found physical manifestations of emotional distress to be "bodily injury" under an insurance liability policy. Syl. pt. 1, *Smith v. Animal Urgent Care, Inc.*, 208 W. Va. 664 (2000). The Court emphasizes that the term bodily injury "encompasses ***only physical injuries to the body and the consequences thereof***." *Id.* at 668 (emphasis added). Physical manifestations are physical injuries.

Regardless, Amazon's assertion of intent as a prerequisite to emotional damages claims is wrong. A claim for emotional distress without physical injury can be "successfully maintained upon a showing by the plaintiffs in such an action of facts sufficient to guarantee that the claim is not spurious and upon a showing that the emotional distress is undoubtedly real and serious." Syl. pt. 11, *Marlin v. Bill Rich Constr.*, 198 W. Va. 635 (1996).

Plaintiff's case meets the *Marlin* standard. A "spurious" claim is not defined in *Marlin*, but the term refers to false, fake or illegitimate allegations.[6] Plaintiff's allegations are supported by the criminal action against Mr. Wells, the lawsuit parallel to this one and included by Amazon as an exhibit, and by the facts alleged in the Compaint.

Therefore, the question is whether emotional distress from sexual exploitation is plausibly "real and serious." To that end, M.S. is a victim of sexual abuse. These victims suffer depression, flaskbacks, PTSD, self-harm, substance abuse, dissosication, eating disorders, sleep disorders and suicide—many of which are explicitly alleged in the Complaint.[7] The child is also left with a "lifetime of re-victimization" that results in "disruptions in sexual development, self-image, and

[6] *See* https://www.dictionary.com/browse/spurious (last accessed Apr. 25, 2023)
[7] *See https://www.innocentlivesfoundation.org/the-lasting-effects-of-child-pornography/* (last accessed Mar. 24, 2023)

developing trusting relationships in the future."[8] Another consequence—fear of images resurfacing—is devastating to M.S. given her aspirations to be an actress.

Little is more "real and serious" than the physical, psychological and emotional damage caused by child sexual exploitation. Plaintiff's Complaint adequately alleges the emotional damages that sustain her claims.

Ignoring *Marlin*, Amazon cites *Harless*'s statement that "the tort of retaliatory discharge carries with it a sufficient indicia of intent, thus damages for emotional distress may be recovered as part of the compensatory damages." *Harless v. First Nat'l Bank*, 289 S.E.2d 692, 702 (1982). While *Marlin* obviously post-dates—and, therefore, is superior to—*Harless*, the *Harless* case never states that emotional damages are ***only*** recoverable with "sufficient indicia of intent." In fact, *Harless* states precisely the opposite, citing established West Virginia law on three circumstances where emotional damages are recoverable:

> First, those mental disturbances that accompany or follow an actual physical injury caused by impact upon the occurrence of the tort; ***second, where there is no impact and no physical injury at the time, but a physical injury afterwards results as the causal effect of a nervous shock which in turn was the proximate result of the defendant's wrong***; and third, where there was no impact and no physical injury caused by the defendant's wrong, but an emotional or mental disturbance is shown to have been the result of the defendant's intentional or wanton wrongful act. ***In any of the foregoing classifications we believe that the plain weight of authority sustains a recovery.***

*Harless*, 289 S.E.2d at 701 (*quoting Montelone v. Co-Operative Transit Co.*, 128 W. Va. 340, 347 (1945)) (emphasis added). *Harless* rejects Amazon's argument, and this Court should do the same.

Amazon next attempts to apply the Prison Litigation Reform Act ("PLRA"). However, Amazon omits that the "plain language of § 1997e(e), the declared purpose of the PLRA, and case

---

[8] *Id.*

law support the conclusion that the limitation of § 1997e(e) is inapplicable" outside of prisoners confined to jail. *Kelsey v. County of Schoharie*, 2005 U.S. Dist. LEXIS 17057, at * 3–4 (N.D.N.Y. Aug. 5, 2005).[9] Plaintiff is not an inmate, and the PLRA jurisprudence simply does not apply.

However, even if the PLRA jurisprudence cited by Amazon is considered, it is factually distinct. In *Hale*, the plaintiff never alleged physical injuries in the Complaint whatsoever, which immediately distinguishes it from this case. *See* Complaint, ¶¶ 30–31; *Christian v. Hale*, 2019 U.S. Dist. LEXIS 137368, at * 26–27 (S.D. W. Va. June 27, 2019)[10] ("Plaintiff alleges that he was 'deeply scared' and 'hurt' by the verbal harassment he allegedly endured, but does not describe suffering any physical injury."). Even if the plaintiff had made physical manifestation allegations, the court in *Hale* was evaluating whether a physical injury under § 1997e occurred. The definition of physical injury in that context requires meeting the standards of 18 U.S.C. § 2246, which is a criminal code provision defining sexual abuse. *See* 42 U.S.C. § 1997e(e). Amazon offers no common law jurisprudence mandating the same requirements as a criminal code, nor does West Virginia require Plaintiff to show that her physical injuries sustain a criminal case to bring a civil suit. Finally, despite all of the foregoing, the *Hale* court ***denied*** the motion to dismiss as to physical injury requirements. *See Hale*, 2019 U.S. Dist. LEXIS 137368, at * 31. *Hale* is both inapplicable and contrary to Amazon's argument.

No physical injury is required in this case; however, physical injuries were pled and suffered. Amazon's Motion should be denied.

**D. Feasible Alternative Designs Exist to Accomplish the Spy Camera's Objectives.**

Plaintiff's Complaint identifies a reasonably safe alternative design that would have permitted the "legitimate" uses of the Spy Camera emphasized by Amazon, such as deterring abuse

[9] Attached hereto as **Exhibit E**.
[10] Attached hereto as **Exhibit F**.

of medication stored in bathrooms. *See* Memo, p. 11. In doing so, Plaintiff alleged facts supporting a ***plausible inference*** that an alternative design existed at the time of the Spy Camera's manufacture. *See Mullins v. Ethicon, Inc.*, 2016 WL 7197441, at * 4–5 (S.D.W. Va. Dec. 9, 2016). This is adequate for purposes of a Rule 12(b)(6) motion, which merely requires that Plaintiff plead alternative design, ***not*** that Plaintiff prove alternative design. *See*, *e.g.*, *Meadow v. NIBCO, Inc.*, 2016 U.S. Dist. LEXIS 68903, at * 14–15 (M.D. Tenn. May 24, 2016).[11]

Regardless, Plaintiff has alleged a reasonable alternative design in its Amended Complaint. While Defendant argues the alternative design is unreasonable because it would make the Spy Camera "an essentially different product," this Court has found that the "***reasonableness of an alternative design is generally a question of fat for the jury***." *Keffer v. Wyeth,* 791 F. Supp. 2d 539, 541 (S.D. W. Va. 2011). Amazon's argument is improper for a Motion to Dismiss.

The Spy Camera is also defective because it is an illegal product; the mere sale, possession and distribution thereof violates federal and state criminal laws. *See* Complaint, ¶¶ 22, 57. Plaintiff alleges the Spy Camera is intended for a criminal purpose. *Id.* at ¶ 22. A product designed to be illegal "renders the product defective per se." *Zsa Zsa Jewels, Inc. v. BMW of N. Am., LLC*, 419 F. Supp. 3d 490, 509 (E.D.N.Y. 2019). Causation is also pled, because the product is intended for the criminal uses that occurred in this case and, therefore, the sale of that product and the subsequent use for those exact purposes demonstrates the causal link. Complaint, ¶¶ 22–23. Though Amazon argues the illegality of the product did not cause Plaintiff's injuries, proximate cause is a jury question. *See* syl. pt. 3, *Arbogast*, 214 W. Va. at 356. Plaintiff has adequately pled causation, which is the only matter at issue here. Amazon's Motion should fail.

---

[11] Attached hereto as **Exhibit G**.

**E. Amazon Recklessly Sold the Spy Camera with Emotional Distress Certain or Substantially Certain to Result.**

Amazon again disputes Plaintiff's allegations in an effort to get the tort of outrage claim dismissed. This strategy should fail as well.

First, Amazon argues that Plaintiff failed to allege "requisite intent" to harm. Memo, p. 14. Amazon then quotes law stating it is enough if Amazon "acted recklessly when it was certain or substantially certain emotional distress would result." *Travis v. Alcon Lab'ys, Inc.*, 504 S.E.2d 419, 425 (W. Va. 1998).

Amazon inaccurately represents the Complaint. Plaintiff alleges Amazon "knew" the Spy Camera, "when used as depicted on Amazon's online retail store, would harm the subject of the recording." Complaint, ¶ 64. Plaintiff further alleges Amazon, with "reckless indifference . . . distributed a criminal tool that was used to abuse and exploit a child." *Id.* at ¶ 65. These allegations and the underlying facts pled meet the *Travis* requirements. Amazon's Motion should be denied.

**F. Amazon Conspired to Profit from the Sexual Exploitation of Children by Importing and Holding the Spy Camera for Sale.**

Amazon ignores the factual premises for the civil conspiracy claim, simply saying that the allegations are "conclusory" while failing to identify the facts alleged. These allegations substantiate the civil conspiracy claim:

- The identified and represented intent of the Spy Camera is to secretly record undressed individuals without their consent for sexual gratification. Complaint, ¶¶ 41, 56.
- The Spy Camera was sold as an Amazon Prime product and held for distribution in Amazon FCs. *Id.* at ¶¶ 18–19.
- The Spy Camera was promoted in Amazon's store as intended for use in a bathroom to secretly record victims without consent. *Id.* at ¶ 21.
- The Spy Camera was purchased and used as intended and depicted in Amazon's store by Mr. Wells to violate and exploit Plaintiff. *Id.* at ¶¶ 28–29.

- The Spy Camera affirmatively encourages criminal misuse. *Id.* at ¶ 37.
- Amazon knew that selling the Spy Camera, which encourages criminal conduct including the exploitation of children, would cause harm to the victim of the recording. Complaint, ¶¶ 56, 64–65.
- Amazon collaborated with the John Doe Defendants to promote, sell and/or distribute the Spy Camera. *Id.* at ¶¶ 68–69.

Amazon does not address how these facts are "conclusory."

Civil conspiracy arises in "concerted action by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by some unlawful means." *Dixon v. Am. Indus. Leasing Co.*, 253 S.E.2d 150, 152 (W. Va. 1979). Plaintiff alleges Defendants, with knowledge of the intent of the Spy Camera's use and the harm it would cause, manufactured and distributed these criminal tools for profit. *See* Complaint, ¶ 69. The sale and distribution of the Spy Camera is illegal; therefore, manufacturing and distributing the Spy Camera is concerted action to achieve an unlawful purpose.

Amazon complains that the "desire to compete and engage in business" is not conspiracy. Memo, p. 16 (*quoting Politino v. Azzon, Inc.*, 569 S.E.2d 447, 451 (W. Va. 2002)). Amazon takes *Politino* out of context. In *Politino*, the question was whether (1) individuals worked together to create a competing business entity, or (2) whether those individuals maliciously intended to simply destroy another's business. *Politino*, 569 S.E.2d at 451. When the Court states mere "desire to compete and engage in business" is not conspiracy, it does so in contrast to malicious intent to destroy another business. *Id.* Nothing in *Politino* dealt with the ***products*** of the business or the harm those products could cause. In sum, Amazon argues distributing an illegal product is "legitimate business."

Common sense and legal preceent reject this notion. For example, in 2011, Ross Ulbricht launched Silk Road, an online "marketplace" connecting buyers and sellers of illegal products.

Mr. Ulbricht did not manufacture the products sold on Silk Road; however, he knew that the items were illegal and substantially certain to cause harm.[12] Though he did not manufacture or create the illegal products sold on Silk Road, Mr. Ulbricht is spending life in prison for, among other crimes, the suffering or deaths of victims of Silk Road products. *See Ulbricht v. United States*, 2022 U.S. Dist. LEXIS 104882, at * 5 (S.D.N.Y. June 9, 2022).

Amazon asks the Court to dismiss Plaintiff's Complaint because it is just a marketplace. By Amazon's logic, Mr. Ulbricht should be a free man—he allegedly just connected buyers and sellers—and Amazon should be free to facilitate criminal conduct. When laid bare, Amazon's logic defies common sense and fundamental notions of justice. This Court should deny the Motion.

**G. Amazon's Racketeering Activities are Properly Pled.**

Finally, Amazon argues the distribution of a product intended for sexual exploitation is not "racketeering activity." Amazon's argument requires this Court to accept that all language in 18 U.S.C. §§ 1461, 1462 and 1465 dovetails into the word "obscene" so that the criminal codes "require that the material shipped either be obscene itself or that it 'give information for obtaining obscene matter.'" Memo, p. 17. This is a false premise.

***1. 18 U.S.C. § 1461.***

The title of 18 U.S.C. § 1461 alone refutes Amazon's contention: "Mailing obscene ***or*** crime-inciting matter." Both common sense and principles of statutory construction require the conclusion that the § 1461 is not limited to obscene matter, as it also includes "[e]very article or thing designed, adapted, or intended for . . . ***any*** indecent or immoral use." 18 U.S.C. § 1461 (emphasis added). The United States Supreme Court emphasized the distinction between

[12] This includes minor children. *See* https://www.theguardian.com/technology/2015/may/29/silk-road-ross-ulbricht-sentenced (last accessed Apr. 21, 2023).

"obscene" and "immoral." *Manual Enterprises, Inc. v. Day*, 370 U.S. 478, 510 n. 15 (1962). The *Day* court went on to explain that Amazon's theory of obscenity as being the only indictable component of § 1461 was refuted by the United States House of Representatives, which explicitly intended "to reverse the limitations . . . that the statute applied only to 'that form of immorality which has relation to sexual impurity.'" *Id.*

Furthermore, § 1461 applies to "crime-inciting" materials. For example, circulating articles sympathizing with the communist revolution and encouraging a similar revolution were deemed "crime-inciting" within the meaning of 18 U.S.C. § 1461 (via its predecessor). *See Burleson v. United States*, 274 F. 749 (D.C. Cir. 1921). When a simple newspaper article is crime-inciting, Amazon's argument that a device intended for the sexually exploiting others is not lacks credibility.

The question is whether distributing a product intended to sexually exploit unwitting children—thus inciting the buyer to engage in the criminal conduct—plausibly qualifies as "crime-inciting," "immoral" or "indecent." Amazon's argument against its racketeering activity under § 1461 fails because its conduct is plausibly indictable under § 1461.

***2. 18 U.S.C. § 1462***

This code applies to the import of any "thing designed, adapted, or intended for . . . any indecent or immoral use." Amazon also seeks to confine this crime to obscenity, citing cases which predominantly deal with what is "obscene." *See United States v. Womack*, 509 F.2d 368, 384 (D.C. Cir. 1972). Amazon quotes *Womack* as holding 18 U.S.C. § 1462 can only apply to patently offensive, hardcore sexual content; however, *Womack* discusses obscenity because the charge is obscenity:

> On December 7, 1972, this court issued an opinion disposing of the evidentiary issues presented by these appeals. That decision

> deferred action on the following issue: ***whether the eight magazines which formed the basis of appellants' convictions were obscene*** and not within the free speech guarantees of the First Amendment pending the decisions in several obscenity cases then before the Supreme Court.

*See id.* at 383 (emphasis added). *Womack* does ***not*** conclude that no charge under 18 U.S.C. § 1462 is viable unless it is obscene material. *See generally id.*

The reasoning applicable to 18 U.S.C. § 1461 is equally applicable to 18 U.S.C. § 1462. For the same reasons, Amazon's conduct is indictable under § 1462, and its argument fails.

***3. 18 U.S.C. § 1465.***

Finally, 18 U.S.C. § 1465 relates to the production and transportation of obscene matters specifically for sale and distribution; however, the statute is ***not*** limited to obscene material. The language of § 1465 makes this clear:

> Whoever . . . knowingly transports or travels in, or uses a facility or means of, interstate or foreign commerce . . . in or affecting such commerce, for the purpose of sale or distribution of any obscene, lewd, lascivious, or filthy book, pamphlet, picture, film, paper, letter, writing, print, silhouette, drawing, figure, image, cast, phonograph recording, electrical transcription or other article capable of producing sound ***or any other matter of indecent or immoral character***, shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1465 (emphasis added). While § 1465 primarily focuses on obscenity, the use of the word "or" distinguishes indecent and immoral products for sale. Plaintiff asserts that a device designed and intended for the sexual exploitation of minors is both immoral and indecent under this statute; the Spy Camera does not have to be "obscene" itself to fall under the code. Plaintiff properly states a claim upon which relief may be granted.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, as well as those apparent to the Court, Plaintiff requests that this Court enter an Order denying Amazon's Motion.

**M.S.,**
**By Counsel,**

*/s/ L. Lee Javins II*

L. Lee Javins II (WV State Bar # 6613)
David A. Bosak (WV State Bar # 11947)
Taylor M. Norman (WV State Bar # 13026)
BAILEY JAVINS & CARTER LC
213 Hale Street
Charleston, WV 25301
(304) 345-0346 (T) / (304) 345-0375 (F)
ljavins@bjc4u.com
dbosak@bjc4u.com
tnorman@bjc4u.com

and

Ben Salango (WV State Bar # 7790)
Christian A. Huffman (WV State Bar # 14205)
Salango Law, P.L.L.C.
206 Capitol St., Suite 206
Charleston, WV 25301
(304) 342-0512
ben@salangolaw.com
christian@salangolaw.com

and

Paul Saluja (WV State Bar # 6373)
Saluja Law Offices, PLLC
206 Capitol Street, Suite 400
Charleston, WV 25301
(304) 755-1101

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**M.S.,**

**Plaintiff,**

**v.**

**Civil Action No.: 3:23-cv-00046**
**Judge: Robert C. Chambers**

**AMAZON.COM, INC.,**
**a Delaware Corporation,**
**AMAZON.COM SERVICES LLC,**
**a Delaware Limited Liability Company, and**
**JOHN DOE ENTITIES 1–10,**

**Defendants.**

**CERTIFICATE OF SEVICE**

I, the undersigned counsel for Plaintiff, do hereby certify that the foregoing ***PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS ON BEHALF OF AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC*** was filed with the court on this 28th day of April 2023 using the courts CM/ECF system and will be served and transmitted by electronic transmission to all counsel of record.

**M.S.,**
**By Counsel,**

/s/ *L. Lee Javins II*
L. Lee Javins II (WV State Bar #6613)